### No. 650

First Circuit

---

## STANDARD OIL CO. OF LA. v. BARTON

---

(June 9, 1930.  Opinion and Decree.)

---

Gilbert & Gianelloni, of Napoleonville, attorneys for plaintiff, appellee.

A. L. Talbot, of Napoleonville, attorney for defendant, appellant.

MOUTON, J. This is a suit on an open account which amounts to a total of $430.18.

Plaintiff alleges that defendant paid $238.20 November 5, 1923, and on August 11, 1924, $25.63, a total of $263.83, leaving a balance due of $166.65, for the recovery of which this suit was brought.

Defendant admits the correctness of the credits carried on the account, but denies liability for the balance claimed. In connection with this denial defendant alleges that he is entitled to another credit of $179.55, which he avers overpays the account, leaving a credit against plaintiff in his favor amounting to $13.20, which he claims in reconvention.

Judgment was rendered for plaintiff as prayed for, denying the reconventional demand.

The sole question presented is one of fact. Henry Burgard, district supervisor of plaintiff company, says that he found at the oil station receipts for deliveries of oil to defendant, which represented the sale of 100 gallons of oil at eighteen cents, 300 gallons Polarine, $159, and 25 pounds Polarine cup grease, $2.55, totaling $179.55.

An account comprising these items was made up on June 18, 1924, and was presented to defendant for payment by Burgard, and John Gazzo, local agent of the company, who had made these sales.

Burgard says he exhibited those receipts to defendant, also the slips, which represented the sales of oil to defendant, who gave him a check of $179.55 to cover the amount. In that respect he is corroborated by Gazzo.

It was shown that these slips which are usually issued in duplicates, one for the company, and one for the purchaser, were accidentally burned in a fire; their non-production being thus accounted for by the company.

Defendant claims that he thought he had paid all he owed the company with his check for $179.55 given June 19, the day the account was presented, and now claims that in fact he has overpaid his debt by the sum of $13.20, claimed by him in reconvention.

The preponderance of the evidence shows that for some time before these sales for $179.55 had been made to defendant, the company had put him on a cash basis, not being desirous to allow him any more sales of its goods on credit. It also appears that the company had sent him statements, prior to his giving the check mentioned, showing that he owed a balance of $166.65, claimed on the account which carried items since October, 1923, antedating the date of the check by some eight or nine months. It is true that the items for which the company received the check for $179.55 did not appear on the old account, but this is accounted for by the fact that the sale of those items was for cash, had been made

by Gazzo, the local agent of the company, against the instructions of the company, were represented by slips, were not reported to the company, and therefore did not appear on its books, and constituted no part of the account transmitted monthly to defendant.

When defendant handed the check for $179.55 to Burgard, he must have known that he was owing, at that time, a balance of $166.65 of which he had notice from the statements sent him. It is further singular, under such circumstances, that he should have given a check in excess of his debt. The fact is that he admits that when he gave the check, Burgard had some slips with him, but he contents himself with saying that he does not think he looked at them before making the payment. Such conduct as that, in a business man, indicates that he knew what he was paying. When examined as a witness, defendant says he does not remember if he was ever notified by the company that he had been put on a cash basis; does not remember if he made any cash purchases from January 28, 1924, to June 18, 1924, the latter, the date of his check; does not remember if Burgard showed him any slips when he gave him the check, although he had previously said he had some slips at that time but that he had made the payment without looking at them. Not remembering is no testimony, constituting a mere blank, which compels the court to resort to the recollection of those who testify affirmatively to the facts that are determinative of the issue involved.

Burgard and Gazzo have sworn positively to these facts hereinabove referred to, and which show that the check for $179.55 did not cover the balance of $166.65 of the account for which judgment was correctly rendered against defendant.